Blanca **MARTINEZ**, Individually and as Administratrix of the Estate of Florentino Martinez, Sr. and as Next Friend of Edna Martinez, Florentino Martinez, Jr., and Bianca Martinez, Minors, Appellants,

v.

**H.B. ZACHRY COMPANY, Appellee.**

No. 01–96–01051–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1998.

Rose Guerra Reyna, McAllen, for appellants.

Bob Brown, Fred M. Bosse, Houston, for appellees.

Before MIRABAL, O'CONNOR and NUCHIA, JJ.

## OPINION

MIRABAL, Justice.

Blanca Martinez, individually and as the adminstratrix of her deceased husband's estate and as the next friend of their children, appeals a take nothing summary judgment in favor of H.B. Zachry Company (Zachry). We affirm.

On June 1, 1989, Florentino Martinez, age 37, died in a construction accident while in the course and scope of his employment by Zachry. On May 27, 1991, his wife, Blanca Martinez (Martinez), in her individual and representative capacities, sued Zachry for wrongful death, survivorship benefits, negligence, and gross negligence.

Zachry moved for summary judgment asserting as grounds that at the time of the accident, it was covered by a worker's compensation policy issued by Employer's Casualty Company (ECC), and therefore Martinez was not entitled to recover on her negligence-related causes of action,[1] as a matter of law.

In support of its motion for summary judgment, Zachry submitted evidence that, at the time of the accident, Zachry had a worker's compensation policy that covered its employees, including Florentino Martinez. As of December 31, 1994, benefits of $71,817.24 had been paid to and accepted by Martinez. Martinez was receiving $1,034 a month in worker's compensation benefits.

The trial court granted Zachry an interlocutory summary judgment on Martinez's causes of action for negligence, wrongful death, and survivorship. To make the interlocutory judgment final, Martinez nonsuited her remaining cause of action for gross negligence. She then perfected this appeal.

1. This included all of Martinez's causes of action (negligence, wrongful death, survivorship claims), except the remaining one of gross negligence.

In points of error one through five, Martinez asserts the trial court erred in granting Zachry's motion for summary judgment.

A defendant who moves for summary judgment on the plaintiff's cause of action must show there is no genuine issue of material fact and the defendant is entitled to summary judgment as a matter of law, *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991), or plead and establish each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). Once the movant produces evidence entitling it to summary judgment, the nonmovant must present evidence raising a fact issue. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996).

The statute in effect at the time of the accident was the former Texas Worker's Compensation Act, article 8306, section 3,[2] which provided:

> The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or any agent, servant, or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for.

█ Thus, to entitle itself to summary judgment on its statutory affirmative defense of exclusivity, Zachry had to establish as a matter of law that it was a subscriber and that there was no genuine issue regarding this material fact.

█ In his affidavit, attached to Zachry's motion for summary judgment, L.E. Shockley, Zachry's claims manager, swore that the document attached to his affidavit was a true and correct copy of the information page of the worker's compensation policy, and the policy covered Zachry's employees, including Florentino Martinez, at the time of his accident. This was sufficient to carry Zachry's burden to establish it was a subscriber. *See, e.g., Regalado v. H.E. Butt Grocery Co.,* 863 S.W.2d 107, 110 (Tex.App.—San Antonio 1993, no writ) (employer's status as a subscriber established by uncontroverted affidavit of H.E. Butt's claims coordinator attaching a copy of the policy and maintaining that its worker's compensation was in "full force and effect" at the time of the accident).

█ The burden shifted to Martinez to present evidence to create a fact issue on this question. Martinez put on no summary judgment evidence to show that Zachry was not a subscriber at the time of the accident. She did put on evidence that showed Zachry's worker's compensation carrier became financially impaired four and one-half years after the date of the accident. However, the time for determining whether an employer is a subscriber is at the time of the accident. *See* former Texas Revised Civil Statute article 8306, section 4 ("Employees whose employers are not *at the time of the injury* subscribers to said association, and the representatives and beneficiaries of deceased employees who *at the time of the injury* were working for nonsubscribing employers cannot participate in the benefits of said insurance association, but they shall be entitled to bring suit and may recover judgment against such employers, or any of them, for all damages, sustained by reason of any personal injury received in the course of employment or by reason of death resulting from such injury . . . .")[3] (emphasis added).

The trial court did not err in granting Zachry a summary judgment because it established by summary judgment evidence as a matter of law, that it was *a subscriber at the time of the accident.* Thus, it was entitled, under article 8306, section 3, to immunity from suit on the common law causes of action for fatal injuries sustained by Mar-

---

**2.** Act of May 20, 1963, 58th Leg., R.S., ch. 437, § 1, 1963 Tex. Gen. Laws 1132, 1132, *repealed by* Texas Worker's Compensation Act, 71st Leg., 2d C.S., ch. 1 § 16.01, 1989 Tex. Gen. Laws 114.

**3.** Act of March 28, 1917, 35th Leg., R.S. ch. 103, 1917 Tex. Gen. Laws 269, 271, *repealed by* Texas Worker's Compensation Act, 71st Leg., 2d C.S., ch. 1, § 16.01, 1989 Tex. Gen. Laws 114.

tinez in the course and scope of his employment.[4]

We affirm the judgment.

4. We disagree with Martinez's argument that the time to determine the subscriber status of an employer is at the time its worker's compensation insurance carrier goes into receivership. The Property and Casualty Insurance Guaranty Act, Texas Insurance Code article 21.28–C, sections 1–27 (Vernon Supp.1998), provides additional protection to insureds and liability claimants of impaired insurance companies. *Nunez v. Autry*, 884 S.W.2d 199, 201 (Tex.App.—Austin 1994, no writ). That legislation provides that the TPCIGA fund will fully pay covered claims arising out of and within the worker's compensation policy. Tex. Ins. Code article 21.28–C, sections 5(8), 8(a) (Vernon Supp.1998). The summary judgment evidence shows that ECC's assets had been taken over by a receiver and its claims were being administered by the TPCIGA fund. Martinez was receiving monthly checks from the TPCIGA fund. There was evidence Martinez was entitled to benefits until she remarries or reaches age 65.