COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-174-CV

 

 

CAIRN K. BAKER                                                                 APPELLANT

 

                                                   V.

 

COOK CHILDREN=S PHYSICIAN                                                 APPELLEE

NETWORK                                                                                          

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------

I.  Introduction








This is an appeal from a
take-nothing summary judgment granted in favor of Appellee Cook Children=s Physician Network (Cook) and against Appellant Cairn K. Baker solely
on the application of the exclusivity provision of the Texas Workers= Compensation Act (the Act). 
After resolving the initial issue of Cook=s subscriber status, the primary issue that we address is whether Cook
conclusively established its affirmative defense that Baker=s claims against itC  seeking mental-anguish-type
damages for assault and false imprisonmentC are barred by the exclusivity provision of the Act.  See Tex.
Lab. Code Ann.

' 408.001(a) (Vernon 2006). 
Because Baker=s claims for
mental trauma damages arise principally from a personnel action, they are
noncompensable under the Act, and the exclusivity provision of the Act does not
bar them.  See id. ' 408.006.  Alternatively, even
if Baker=s claims do not fall within the classification of mental trauma
injuries as defined by the Act, the exclusivity provision of the Act still does
not bar them because they allege intentional torts.  Accordingly, we reverse the trial court=s summary judgmentCwhich was based solely on the exclusivity provision of the ActCand remand the case.

II.  Factual and Procedural Background[2]








Baker, a licensed vocational
nurse, worked with Dr. Shannon Watts at a clinic maintained by Cook in
Granbury, Texas.  On or about June 14,
2004, Baker attended a meeting in the physicians= private offices at which Dr. Watts was also present.  During the meeting, Dr. Watts began screaming
at Baker, getting close to her face and yelling at her.  Dr. Watts accused Baker of making an
insubordinate statement, and Baker denied making the statement.  Dr. Watts advanced toward Baker, shook her
finger in Baker=s face, and
sprayed spittle on Baker=s face as
she yelled at her.  Baker believed that
Dr. Watts was going to strike her and cause her physical harm. 

Baker attempted to leave the
room, but Dr. Watts blocked the door and prevented Baker from leaving.  When Baker reached for the door handle, Dr.
Watts assumed a spread-eagle stance, told Baker that she could not leave the room,
and locked the door.  Baker asked to
leave, but Dr. Watts advanced to the point that her shoes were touching Baker=s shoes and that Dr. Watts=s crossed arms were bumping Baker=s body.  Dr. Watts again shook
her finger and spewed spittle in Baker=s face as Dr. Watts yelled at Baker. 
Baker asked to speak with one of the other doctors in the room privately,
and when she did, Dr. Watts stepped away from Baker, allowing her to leave the
room. 

Baker sued Dr. Watts for
false imprisonment and assault.  Baker
also sued Cook, asserting that Cook was liable for Dr. Watts=s conduct because she was acting in the course and scope of her
employment when she committed the acts and because she was a vice principal of
Cook. 








Cook answered with a general
denial.  Cook also pleaded the
affirmative defense that all causes of action asserted against it were barred
by the exclusivity provision of the Act. 

Approximately one year later,
Cook filed a motion for summary judgment. 
Cook noted at the outset that during the time periods relevant to this
suit, it maintained a policy of workers= compensation insurance that covered its employees in the event of a
work-related injury.  Cook thereafter
asserted as its sole basis for summary judgment that, because Baker was on the
job when she suffered her injuries, her claims against her employer (Cook) are
barred by the exclusivity provision of the Act. 
Baker filed a response, and after a hearing, the trial court granted
Cook=s motion for summary judgment. 
Baker perfected this appeal and raises here the same three issues set
forth in her summary judgment response in the trial court:  first, that Cook=s summary judgment evidence failed to conclusively establish that her
claims against Cook for intentional acts of its vice principal were barred by
the exclusivity provision of the Act; second, that Cook failed to conclusively
establish that Baker had suffered a compensable injury under the Act; and
third, that Cook failed to conclusively establish that it was a subscriber
under the Act.[3]









 

 

III.  Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  But we must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller
v. Wilson, 168 S.W.3d 802, 822-24 (Tex. 2005).

The exclusive remedy
provision of the Texas Workers= Compensation Act is an affirmative defense. See Pierce v. Holiday,
155 S.W.3d 676, 678 (Tex. App.CTexarkana 2005, no pet.).  A
defendant is entitled to summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense.  Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999).  To
accomplish this, the defendant-movant must present summary judgment evidence
that establishes each element of the affirmative defense as a matter of
law.  Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 121 (Tex. 1996).

IV.  Cook=s Subscriber Status








Cook attached the affidavit
of Frank Testa, Director of Risk Management at Cook Children=s Health Care System to its motion for summary judgment.  Testa stated in his affidavit that his
responsibilities include Aobtaining
and maintaining workers=
compensation insurance coverage on the various entities that comprise the Cook
Children=s family of companies, including Cook Children=s Physician Network.@  Testa further stated in his
affidavit that Baker Aworked for
Cook Children=s Physician
Network from 1999 until 2004@ and that A[e]mployees
of Cook Children=s Physician
Network were covered by a workers= compensation policy at all times during those years.@ 

In her third issue, Baker
contends that Testa=s affidavit
is insufficient to establish that Cook was a subscriber under the Act.  This same issue was addressed in an
unpublished opinion from the First Court of Appeals in Houston.  In Blazik v. Foley=s, Inc., Foley=s presented the affidavit of its director of risk and environmental
management, Jim Giese.  No.
01-96-01140-CV, 1998 WL 788848, at *1 (Tex. App.CHouston [1st Dist.] Nov. 12, 1998, no pet.) (op. on reh=g) (not designated for publication). 
Giese attested that during the time that Foley=s employed Blazik, Foley=s had workers=
compensation insurance and was a subscriber under the Act.  Id. 
After the trial court granted summary judgment for Foley=s, Blazik contended on appeal that Giese=s affidavit alone was insufficient to prove the existence of a workers= compensation insurance policy. 
Id. at *2.  The court of
appeals disagreed and held that Giese=s affidavit was sufficient to carry Foley=s burden to establish that it was a subscriber.  Id.








We can find no flaw in the
First Court of Appeals=s analysis
and likewise hold that Testa=s affidavit was sufficient to carry Cook=s burden to establish that it was a subscriber.  See id.  But see ExxonMobil Corp. v. Kirkendall,
151 S.W.3d 594, 599 (Tex. App.CSan Antonio 2004, pet. denied) (concluding that employer established
subscriber status in case dealing with allegations of fraudulent workers= compensation insurance by offering copy of policies along with
supporting affidavits from Texas Commissioner of Insurance stating that
insurance companies represented in policies had authority to transact
business).

The summary judgment burden
then shifted to Baker to present summary judgment evidence that would raise a
genuine issue of material fact as to Cook=s subscriber status.  She failed
to do this; her sole attack concerning this issue is on the sufficiency of
Testa=s affidavit to establish subscriber status.  Cook=s summary judgment evidenceCTesta=s affidavitCabsent controverting summary judgment evidence, conclusively
established Cook=s subscriber
status at the time of the incident at issue. 
See generally Martinez v. H. B. Zachry Co., 976 S.W.2d 746, 748
(Tex. App.CHouston [1st
Dist.] 1998, pet. denied) (holding that after employer introduced affidavit of
claims manager with copy of information page of workers= compensation policy attached, burden shifted to employee, who failed
to present evidence to create fact issue on question of whether employer was a
subscriber).  We overrule Baker=s third issue.

V.  Baker=s Alleged Injuries are Noncompensable Under
the Act








In her second issue, Baker
argues that the summary judgment evidence conclusively established that her Ainjury@ is
noncompensable under the Act.  Although
Baker pleaded causes of action for false imprisonment and assault, the only
damages she alleged as a direct and proximate result of Dr. Watts=s conduct are for feeling Afrightened, humiliated, and embarrassed@ and for suffering Asevere mental anguish which interfered with her ability to carry out
the day-to-day responsibilities of life and to enjoy life.@[4]  Cook attached as summary
judgment evidence excerpts from Baker=s deposition.  The excerpts
reflect that Baker was called to the office manager=s office for a meeting, that the office manager and two doctors were
present, and that the purpose of the meeting was to document a Acorrective action@ concerning Baker=s alleged disrespect to certain individuals.  It is during this meeting that Baker contends
the assault and the false imprisonment occurred.  And Baker=s deposition testimony concerning the event make it clear that she
suffered no physical injury; she claims only mental trauma.

Cook acknowledges that Baker
claims no physical injury but only mental trauma; Cook nonetheless argues that
the fact that Baker=s alleged
injuries are purely emotional has no effect on the applicability of the
exclusive remedy provision of the Act.  








In enacting the 1989 Workers= Compensation Act, the legislature included a policy statement
regarding mental trauma injuries. 
Section 408.006(a) states, AIt is the express intent of the legislature that nothing in this
subtitle shall be construed to limit or expand recovery in cases of mental
trauma injuries.@  Id. ' 408.006(a).  The legislature
also added section 408.006(b), which states that A[a] mental or emotional injury that arises principally from a
legitimate personnel action, including a transfer, promotion, demotion, or
termination, is not a compensable injury under this subtitle.@  Id. ' 408.006(b).  Thus, even if a
mental trauma injury can be traced to a definite time, place, and cause, it is
still not compensable if it results from a legitimate personnel action.  GTE Sw., Inc. v. Bruce, 998 S.W.2d
605, 610 n.1 (Tex. 1999).








Here, the summary judgment
evidence conclusively establishes that Baker=s alleged mental trauma injuries occurred during a meeting called for
the purpose of taking a personnel action. 
Because the mental trauma injuries that Baker claims allegedly arise
from this personnel action, her mental trauma injuries are defined by section
408.006(b) as noncompensable under the Act. 
See Tex. Lab. Code Ann.
' 408.006(b); cf.
Bruce, 998 S.W.2d at 611 (holding that employees= injuries that were caused by repetitive mental trauma, rather than an
ascertainable event, were not compensable under the Act).[5]  We therefore hold as a matter of law that
Baker=s claims for mental trauma damages, stemming from an assault and a
false imprisonment allegedly occurring during a legitimate personnel action,
are not barred by the exclusivity provision of the Act.[6]  See Bruce, 998 S.W.2d at 611 (holding
that because employees= mental
trauma injuries Aare not
compensable under the Act, the Act does not bar the employees= intentional infliction of emotional distress claims@).  And because Cook sought and
the trial court granted summary judgment solely on the application of the
exclusivity provision of the Act, we cannot affirm it on any other basis.  See, e.g., Cincinnati Life Ins. Co. v.
Cates, 927 S.W.2d 623, 625 (Tex. 1996) (holding that when an appellate
court reviews a summary judgment granted on specific grounds, it may be
affirmed only if the ground on which the trial court granted relief is
meritorious).








Even though the trial court
granted summary judgment to Cook based on the exclusivity provision of the Act
and even though we hold that the exclusivity provision does not bar Baker=s claims under section 408.006, nonetheless, to the extent that her
claims for false imprisonment and assault during the personnel action may be
considered to fall outside the parameters of section 408.006,[7]
we analyze Baker=s claims as
intentional torts.

The Texas Supreme Court has
expressly said:








There is no express provision in either the new
Workers=
Compensation Act or the former act expressly excluding coverage for an injury
resulting from an employer=s intentional tort.  In Massey v. Armco Steel Co., 652
S.W.2d 932, 933 (Tex. 1983), however, which was decided under the former act,
we expressly stated that an employee=s claim for workers=
compensation and his or her claim for intentional torts are mutually
exclusive.  See also Reed Tool Co. v.
Copelin, 689 S.W.2d 404, 406 (Tex. 1985); Castleberry v. Goolsby Bldg.
Corp., 617 S.W.2d 665, 666 (Tex. 1981). 
This result follows from Middleton v. Texas Power & Light Co.,
108 Tex. 96, 185 S.W. 556 (1916), which, as a central tenet of upholding the
constitutionality of the former act, held that the statute was not intended to
apply to or affect an employee=s common law claim for
intentional tort against his employer.  Id.
at 560.  There is nothing in the new Act
which evidences any intention to change this result, as the operative
provisions creating liability for compensation and shielding employers from
common law liability are, in material respects, the same as the former
act.  Compare Tex. Lab. Code Ann. '' 406.031, 406.032, 408.001, with Tex. Rev. Civ. Stat. art. 8306, '' 3,
3b, 5, 24; art. 8308, ' 4.01; and art. 8309, '
1.  We thus conclude that the new Act
embodies the rule of Middleton and its progeny [that the compensation
remedy and intentional tort remedy against an employer are mutually exclusive].

 

Medina, 927
S.W.2d at 600; see also Rodriguez v. Naylor Indus., Inc., 763 S.W.2d
411, 412 (Tex. 1989) (citing Castleberry and stating that an employee
who receives workers=
compensation benefits may not bring suit for injuries caused by his employer=s negligence or even gross negligence; however, the Act does not bar
claims against an employer for intentional torts).

Applying the case law above
to Baker=s common law claims for the intentional torts of false imprisonment
and assault, we alternatively hold that the Act does not expressly exclude
coverage for her claims for injuries resulting from these intentional
torts.  Thus, Baker=s claims are not compensable under the Act and are not barred by the
exclusivity provision of the Act.  We
therefore sustain Baker=s second
issue.[8]








VI.  Conclusion

Having overruled Baker=s third issue that Cook is not a subscriber under the Act but having
sustained Baker=s second
issue that her claims for mental trauma injuries that she allegedly sustained
from an assault and a false imprisonment during a legitimate personnel action
are not barred by the exclusivity provision of the Act, we reverse the trial
court=s summary judgment granted in favor of Cook and remand for further
proceedings consistent with this opinion. 
See Tex. R. App. P.
43.2(d).

 

SUE WALKER

JUSTICE 

 

PANEL B:   DAUPHINOT, HOLMAN, and WALKER, JJ.

 

DELIVERED: February 28, 2008











[1]See Tex. R. App. P. 47.4.





[2]We
note that, in accordance with the summary judgment standard of review, our
recitation of facts sets forth the events at issue in the light most favorable
to the nonmovant Baker and indulges every reasonable inference in her favor.





[3]The
trial court dismissed Baker=s claims against Dr. Watts,
making the summary judgment for Cook final, and Baker does not challenge the
dismissal of her claims against Dr. Watts in this appeal. 





[4]We
note that Baker did not file a claim for workers=
compensation, so we are not faced with an election of remedies issue.  See, e.g., Medina v. Herrera, 927
S.W.2d 597, 600 (Tex. 1996) (discussing prior cases holding that an employee=s
claim for workers=
compensation benefits is inconsistent with a claim by the employee for common
law intentional torts).





[5]All
of the cases cited and relied on by Cook were decided prior to the supreme
court=s decision
in Bruce, except for the Bomar case that involved a
negligence issue and the personal animosity exception, neither of which are at
issue here.  See Walls Regional Hosp.
v. Bomar, 9 S.W.3d 805, 807-08 (Tex. 1999).





[6]Our
holding here is very narrow because the trial court=s
summary judgment was based solely on the application of the exclusivity
provision of the Act. 





[7]We
note that the legislature enacted section 408.006 in 1993 and that only three
cases briefly mention the section.  See
Bruce, 988 S.W.2d at 610 n.1 (noting that mental trauma injuries are not
compensable under section 408.006(b)); Lawrence v. CDB Servs., Inc., 16
S.W.3d 35, 44 n.17 (Tex. App.CAmarillo 2000), aff=d, 44
S.W.3d 544 (Tex. 2001) (noting that legislature expressly stated its intent as
to section 408.006(a)); Allen v. Dallas ISD, No. 05-00-00395-CV, 2001 WL
47282, at *1 (Tex. App.CDallas
Jan. 22, 2001, no pet.) (not designated for publication) (analyzing inadequate
briefing that cited section 408.006(a) but failed to discuss significance of
citation or its relevance to the facts of the case).





[8]We
need not reach Baker=s
first issue regarding whether Dr. Watts was a vice principal of Cook because
whether Dr. Watts was a vice principal does not affect application or
nonapplication of the exclusivity provision of the Act, the sole basis for the
trial court=s
summary judgment.