COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-174-CV

CAIRN K. BAKER APPELLANT

V.

COOK CHILDREN’S PHYSICIAN APPELLEE

NETWORK 

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from a take-nothing summary judgment granted in favor of Appellee Cook Children’s Physician Network (Cook) and against Appellant Cairn K. Baker solely on the application of the exclusivity provision of the Texas Workers’ Compensation Act (the Act).  After resolving the initial issue of Cook’s subscriber status, the primary issue that we address is whether Cook conclusively established its affirmative defense that Baker’s claims against it—  seeking mental-anguish-type damages for assault and false imprisonment— are barred by the exclusivity provision of the Act.  
See
 
Tex. Lab. Code Ann.

§ 408.001(a) (Vernon 2006).  Because Baker’s claims for mental trauma damages arise principally from a personnel action, they are noncompensable under the Act, and the exclusivity provision of the Act does not bar them.  
See id.
 § 408.006.  Alternatively, even if Baker’s claims do not fall within the classification of mental trauma injuries as defined by the Act, the exclusivity provision of the Act still does not bar them because they allege intentional torts.  Accordingly, we reverse the trial court’s summary judgment—which was based solely on the exclusivity provision of the Act—and remand the case.

II.  Factual and Procedural Background
(footnote: 2)
 Baker, a licensed vocational nurse, worked with Dr. Shannon Watts at a clinic maintained by Cook in Granbury, Texas.  On or about June 14, 2004, Baker attended a meeting in the physicians’ private offices at which Dr. Watts was also present.  During the meeting, Dr. Watts began screaming at Baker, getting close to her face and yelling at her.  Dr. Watts accused Baker of making an insubordinate statement, and Baker denied making the statement.  Dr. Watts advanced toward Baker, shook her finger in Baker’s face, and sprayed spittle on Baker’s face as she yelled at her.  Baker believed that Dr. Watts was going to strike her and cause her physical harm. 

Baker attempted to leave the room, but Dr. Watts blocked the door and prevented Baker from leaving.  When Baker reached for the door handle, Dr. Watts assumed a spread-eagle stance, told Baker that she could not leave the room, and locked the door.  Baker asked to leave, but Dr. Watts advanced to the point that her shoes were touching Baker’s shoes and that Dr. Watts’s crossed arms were bumping Baker’s body.  Dr. Watts again shook her finger and spewed spittle in Baker’s face as Dr. Watts yelled at Baker.  Baker asked to speak with one of the other doctors in the room privately, and when she did, Dr. Watts stepped away from Baker, allowing her to leave the room. 

Baker sued Dr. Watts for false imprisonment and assault.  Baker also sued Cook, asserting that Cook was liable for Dr. Watts’s conduct because she was acting in the course and scope of her employment when she committed the acts and because she was a vice principal of Cook. 

Cook answered with a general denial.  Cook also pleaded the affirmative defense that all causes of action asserted against it were barred by the exclusivity provision of the Act. 

Approximately one year later, Cook filed a motion for summary judgment.  Cook noted at the outset that during the time periods relevant to this suit, it maintained a policy of workers’ compensation insurance that covered its employees in the event of a work-related injury.  Cook thereafter asserted as its sole basis for summary judgment that, because Baker was on the job when she suffered her injuries, her claims against her employer (Cook) are barred by the exclusivity provision of the Act.  Baker filed a response, and after a hearing, the trial court granted Cook’s motion for summary judgment.  Baker perfected this appeal and raises here the same three issues set forth in her summary judgment response in the trial court:  first, that Cook’s summary judgment evidence failed to conclusively establish that her claims against Cook for intentional acts of its vice principal were barred by the exclusivity provision of the Act; second, that Cook failed to conclusively establish that Baker had suffered a compensable injury under the Act; and third, that Cook failed to conclusively establish that it was a subscriber under the Act.
(footnote: 3) 

III.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  But we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.  
See Wal-Mart Stores, Inc. v. Spates
, 186 S.W.3d 566, 568 (Tex. 2006); 
City of Keller v. Wilson
, 168 S.W.3d 802, 822-24 (Tex. 2005).

The exclusive remedy provision of the Texas Workers’ Compensation Act is an affirmative defense. 
See Pierce v. Holiday
, 155 S.W.3d 676, 678 (Tex. App.—Texarkana 2005, no pet.).  
A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).

IV.  Cook’s Subscriber Status

Cook attached the affidavit of Frank Testa, Director of Risk Management at Cook Children’s Health Care System to its motion for summary judgment.  Testa stated in his affidavit that his responsibilities include “obtaining and maintaining workers’ compensation insurance coverage on the various entities that comprise the Cook Children’s family of companies, including Cook Children’s Physician Network.”  Testa further stated in his affidavit that Baker “worked for Cook Children’s Physician Network from 1999 until 2004” and that “[e]mployees of Cook Children’s Physician Network were covered by a workers’ compensation policy at all times during those years.” 

In her third issue, Baker contends that Testa’s affidavit is insufficient to establish that Cook was a subscriber under the Act.  This same issue was addressed in an unpublished opinion from the First Court of Appeals in Houston.  In 
Blazik v. Foley’s, Inc.
, Foley’s presented the affidavit of its director of risk and environmental management, Jim Giese.  No. 01-96-01140-CV, 1998 WL 788848, at *1 (Tex. App.—Houston [1st Dist.] Nov. 12, 1998, no pet.) (op. on reh’g) (not designated for publication).  Giese attested that during the time that Foley’s employed Blazik, Foley’s had workers’ compensation insurance and was a subscriber under the Act.  
Id.
  After the trial court granted summary judgment for Foley’s, Blazik contended on appeal that Giese’s affidavit alone was insufficient to prove the existence of a workers’ compensation insurance policy.  
Id.
 at *2.  The court of appeals disagreed and held that Giese’s affidavit was sufficient to carry Foley’s burden to establish that it was a subscriber.  
Id.

We can find no flaw in the First Court of Appeals’s analysis and likewise hold that Testa’s affidavit was sufficient to carry Cook’s burden to establish that it was a subscriber.  
See id.
  
But see ExxonMobil Corp. v. Kirkendall
, 151 S.W.3d 594, 599 (Tex. App.—San Antonio 2004, pet. denied) (concluding that employer established subscriber status in case dealing with allegations of 
fraudulent
 workers’ compensation insurance by offering copy of policies along with supporting affidavits from Texas Commissioner of Insurance stating that insurance companies represented in policies had authority to transact business).

The summary judgment burden then shifted to Baker to present summary judgment evidence that would raise a genuine issue of material fact as to Cook’s subscriber status.  She failed to do this; her sole attack concerning this issue is on the sufficiency of Testa’s affidavit to establish subscriber status.  Cook’s summary judgment evidence—Testa’s affidavit—absent controverting summary judgment evidence, conclusively established Cook’s subscriber status at the time of the incident at issue.  
See generally Martinez v. H. B. Zachry Co.
, 976 S.W.2d 746, 748 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (holding that after employer introduced affidavit of claims manager with copy of information page of workers’ compensation policy attached, burden shifted to employee, who failed to present evidence to create fact issue on question of whether employer was a subscriber).  We overrule Baker’s third issue.

V.  Baker’s Alleged Injuries are Noncompensable Under the Act

In her second issue, Baker argues that the summary judgment evidence conclusively established that her “injury” is noncompensable under the Act.  Although Baker pleaded causes of action for false imprisonment and assault, the only damages she alleged as a direct and proximate result of Dr. Watts’s conduct are for feeling “frightened, humiliated, and embarrassed” and for suffering “severe mental anguish which interfered with her ability to carry out the day-to-day responsibilities of life and to enjoy life.”
(footnote: 4)  Cook attached as summary judgment evidence excerpts from Baker’s deposition.  The excerpts reflect that Baker was called to the office manager’s office for a meeting, that the office manager and two doctors were present, and that the purpose of the meeting was to document a “corrective action” concerning Baker’s alleged disrespect to certain individuals.  It is during this meeting that Baker contends the assault and the false imprisonment occurred.  And Baker’s deposition testimony concerning the event make it clear that she suffered no physical injury; she claims only mental trauma.

Cook acknowledges that Baker claims no physical injury but only mental trauma; Cook nonetheless argues that the fact that Baker’s alleged injuries are purely emotional has no effect on the applicability of the exclusive remedy provision of the Act.  

In enacting the 1989 Workers’ Compensation Act, the legislature included a policy statement regarding mental trauma injuries.  Section 408.006(a) states, “It is the express intent of the legislature that nothing in this subtitle shall be construed to limit or expand recovery in cases of mental trauma injuries.”  
Id.
 § 408.006(a).  The legislature also added section 408.006(b), which states that “[a] mental or emotional injury that arises principally from a legitimate personnel action, including a transfer, promotion, demotion, or termination, is not a compensable injury under this subtitle.”  
Id.
 § 408.006(b).  Thus, even if a mental trauma injury can be traced to a definite time, place, and cause, it is still not compensable if it results from a legitimate personnel action.  
GTE Sw., Inc. v. Bruce
, 998 S.W.2d 605, 610 n.1 (Tex. 1999).

Here, the summary judgment evidence conclusively establishes that Baker’s alleged mental trauma injuries occurred during a meeting called for the purpose of taking a personnel action.  Because the mental trauma injuries that Baker claims allegedly arise from this personnel action, her mental trauma injuries are defined by section 408.006(b) as noncompensable under the Act.  
See
 
Tex. Lab. Code Ann.
 § 
408.006(b); 
cf. Bruce
, 998 S.W.2d at 611 (holding that employees’ injuries that were caused by repetitive mental trauma, rather than an ascertainable event, were not compensable under the Act).
(footnote: 5)  We therefore hold as a matter of law that Baker’s claims for mental trauma damages, stemming from an assault and a false imprisonment allegedly occurring during a legitimate personnel action, are not barred by the exclusivity provision of the Act.
(footnote: 6)  
See Bruce
, 998 S.W.2d at 611 (holding that because employees’ mental trauma injuries “are not compensable under the Act, the Act does not bar the employees’ intentional infliction of emotional distress claims”).  And because Cook sought and the trial court granted summary judgment solely on the application of the exclusivity provision of the Act, we cannot affirm it on any other basis.  
See, e.g., Cincinnati Life Ins. Co. v. Cates
, 927 S.W.2d 623, 625 (Tex. 1996) (holding that when an appellate court reviews a summary judgment granted on specific grounds, it may be affirmed only if the ground on which the trial court granted relief is meritorious).

Even though the trial court granted summary judgment to Cook based on the exclusivity provision of the Act and even though we hold that the exclusivity provision does not bar Baker’s claims under section 408.006, nonetheless, to the extent that her claims for false imprisonment and assault during the personnel action may be considered to fall outside the parameters of section 408.006,
(footnote: 7) we analyze Baker’s claims as intentional torts.

The Texas Supreme Court has expressly said:

There is no express provision in either the new Workers’ Compensation Act or the former act expressly excluding coverage for an injury resulting from an employer’s intentional tort.  In 
Massey v. Armco Steel Co.
, 652 S.W.2d 932, 933 (Tex. 1983), however, which was decided under the former act, we expressly stated that an employee’s claim for workers’ compensation and his or her claim for intentional torts are mutually exclusive.  
See also Reed Tool Co. v. Copelin
, 689 S.W.2d 404, 406 (Tex. 1985); 
Castleberry v. Goolsby Bldg. Corp.
, 617 S.W.2d 665, 666 (Tex. 1981).  This result follows from 
Middleton v. Texas Power & Light Co.
, 108 Tex. 96, 185 S.W. 556 (1916), which, as a central tenet of upholding the constitutionality of the former act, held that the statute was not intended to apply to or affect an employee’s common law claim for intentional tort against his employer.  
Id.
 at 560.  There is nothing in the new Act which evidences any intention to change this result, as the operative provisions creating liability for compensation and shielding employers from common law liability are, in material respects, the same as the former act.  
Compare 
Tex. Lab. Code Ann.
 §§ 
406.031, 406.032, 408.001, 
with
 
Tex. Rev. Civ. Stat. 
art. 8306, 
§§
 3, 3b, 5, 24; art. 8308, 
§
 4.01; and art. 8309, 
§
 1.  We thus conclude that the new Act embodies the rule of 
Middleton
 and its progeny [that the compensation remedy and intentional tort remedy against an employer are mutually exclusive].

Medina
, 927 S.W.2d at 600; 
see also Rodriguez v. Naylor Indus., Inc.
, 763 S.W.2d 411, 412 (Tex. 1989) (citing 
Castleberry 
and stating that an employee who receives workers’ compensation benefits may not bring suit for injuries caused by his employer’s negligence or even gross negligence; however, the Act does not bar claims against an employer for intentional torts).

Applying the case law above to Baker’s common law claims for the intentional torts of false imprisonment and assault, we alternatively hold that the Act does not expressly exclude coverage for her claims for injuries resulting from these intentional torts.  Thus, Baker’s claims are not compensable under the Act and are not barred by the exclusivity provision of the Act.  We therefore sustain Baker’s second issue.
(footnote: 8)
VI.  Conclusion

Having overruled Baker’s third issue that Cook is not a subscriber under the Act but having sustained Baker’s second issue that her claims for mental trauma injuries that she allegedly sustained from an assault and a false imprisonment during a legitimate personnel action are not barred by the exclusivity provision of the Act, we reverse the trial court’s summary judgment granted in favor of Cook and remand for further proceedings consistent with this opinion.  
See
 
Tex. R. App. P.
 43.2(d).

SUE WALKER

JUSTICE 

PANEL B: DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED: February 28, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We note that, in accordance with the summary judgment standard of review, our recitation of facts sets forth the events at issue in the light most favorable to the nonmovant Baker and indulges every reasonable inference in her favor.

3:
The trial court dismissed Baker’s claims against Dr. Watts, making the summary judgment for Cook final, and Baker does not challenge the dismissal of her claims against Dr. Watts in this appeal. 

4:
We note that Baker did not file a claim for workers’ compensation, so we are not faced with an election of remedies issue.  
See, e.g., Medina v. Herrera
, 927 S.W.2d 597, 600 (Tex. 1996) (discussing prior cases holding that an employee’s claim for workers’ compensation benefits is inconsistent with a claim by the employee for common law intentional torts).

5:
All of the cases cited and relied on by Cook were decided prior to the supreme court’s decision in 
Bruce
, except for the 
Bomar 
case that involved a negligence issue and the personal animosity exception, neither of which are at issue here.  
See Walls Regional Hosp. v. Bomar
, 9 S.W.3d 805, 807-08 (Tex. 1999).

6:
Our holding here is very narrow because the trial court’s summary judgment was based solely on the application of the exclusivity provision of the Act. 

7:
We note that the legislature enacted section 408.006 in 1993 and that only three cases briefly mention the section.  
See Bruce
, 988 S.W.2d at 610 n.1 (noting that mental trauma injuries are not compensable under section 408.006(b)); 
Lawrence v. CDB Servs., Inc.
, 16 S.W.3d 35, 44 n.17 (Tex. App.—Amarillo 2000), 
aff’d
, 44 S.W.3d 544 (Tex. 2001) (noting that legislature expressly stated its intent as to section 408.006(a)); 
Allen v. Dallas ISD
, No. 05-00-00395-CV, 2001 WL 47282, at *1 (Tex. App.—Dallas Jan. 22, 2001, no pet.) (not designated for publication) (analyzing inadequate briefing that cited section 408.006(a) but failed to discuss significance of citation or its relevance to the facts of the case).

8:
We need not reach Baker’s first issue regarding whether Dr. Watts was a vice principal of Cook because whether Dr. Watts was a vice principal does not affect application or nonapplication of the exclusivity provision of the Act, the sole basis for the trial court’s summary judgment.