**Affirmed and Opinion Filed February 21, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00086-CV

**SANTA TREVINO AND SESAR TREVINO, Appellants**
**V.**
**JALAPENO TREE OPERATING, LLC, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-04245**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

This case arises out of a suit for personal injuries sustained by appellant Santa Trevino while working at the Gun Barrel City Jalapeno Tree location. The trial court granted Jalapeno Tree's motion for summary judgment, holding that Texas Labor Code § 408.001 barred the Trevinos' suit because Jalapeno Tree was a workers' compensation subscriber. The Trevinos appeal, complaining the trial court erred in granting Jalapeno Tree's motion for summary judgment. We affirm the trial court's judgment.

# I.    BACKGROUND

On May 15, 2020, Santa Trevino slipped, fell, and hit her head at her job at the Gun Barrel City location of the Jalapeno Tree restaurant owned by her employer, Jalapeno Tree Operating, LLC. Santa allegedly sustained a concussive traumatic brain injury, a broken elbow, a back injury, a pelvic injury, and a neck injury. Jalapeno Tree reported Santa's injury to its insurer, Texas Mutual, who set up a claim, investigated the incident, and offered temporary income benefits and medical benefits to Santa, which she accepted. Santa's treating doctor eventually released her to return to light-duty work, at which time Texas Mutual ceased paying temporary income benefits.

Santa and her husband, Sesar, then retained counsel and claimed the right to additional benefits.  A state-appointed designated doctor evaluated Santa and determined that she had reached maximum medical improvement in July 2020 with a 1% permanent impairment rating. Texas Mutual paid her impairment income benefits based on the 1% rating. The Trevinos then asserted claims for the same work-related injury against Jalapeno Tree for negligence, premises liability, and loss of consortium.  In its answer, Jalapeno Tree pleaded the "exclusive remedy" defense under the Workers' Compensation Act, asserting that the Trevinos' sole remedy against Jalapeno Tree is the recovery of workers' compensation. *See* TEX. LAB. CODE ANN. § 408.001(a). Jalapeno Tree moved for summary judgment on the exclusive-remedy provision as well as on a quasi-estoppel theory. In response, the

–2–

Trevinos argued that Jalapeno Tree, despite being listed on the Texas Mutual policy as an additional named insured, was not covered by workers' compensation insurance.

On October 17, 2022, the trial court granted Jalapeno Tree's motion for summary judgment. The Trevinos filed a motion for rehearing, which was denied by operation of law. *See* TEX. R. CIV. P. 329b. The Trevinos then appealed the trial court's judgment on January 24, 2023. In one issue, the Trevinos complain that the trial court erred in granting Jalapeno Tree's motion for summary judgment. In response, Jalapeno Tree argues that it conclusively proved its exclusive-remedy defense, and therefore, summary judgment was proper.

## II.    STANDARD OF REVIEW

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). To prevail, a defendant moving for traditional summary judgment must either negate at least one element of the plaintiff's theory of recovery or plead and conclusively prove each element of an affirmative defense. TEX. R. CIV. P. 166a(c); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). We note that whether the exclusive remedy provision of the workers' compensation act applies is an affirmative defense. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex. 1992); *Vega v. Silva*, 223 S.W.3d 746, 748 (Tex. App.—Dallas 2007, no pet.).

## III.   DISCUSSION

Recovery of workers' compensation benefits "is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer…for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a). To prove the exclusive-remedy affirmative defense, a defendant must show that (1) it is the plaintiff's employer; (2) it subscribes to (or is covered by) workers' compensation insurance; and (3) the injury is work-related. *Port Elevator-Brownsville v. Casados*, 358 S.W.3d 238, 243 (Tex. 2012). The Trevinos dispute only the second element, arguing that evidence exists in the record sufficient to raise an issue of material fact as to whether Jalapeno Tree was covered by workers' compensation insurance.

The Trevinos' primary argument on appeal is that Golden Operating Corporation, and not Jalapeno Tree, was listed as the named insured on the policy as well as on Texas Mutual's claim file as Santa's employer. While the Trevinos are correct that Golden Operating Company is the named insured, the record also shows that Jalapeno Tree is listed on Golden Operating Corporation's policy as an additional insured. The policy listing Jalapeno Tree as an additional insured is sufficient summary judgment proof of workers' compensation coverage. *See, e.g., Martinez v. H.B. Zachry Co.*, 976 S.W.2d 746, 748 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (affirming summary judgment when employer offered the

Information Page of a policy and an affidavit from the employer's claim manager swearing that the copy was true and correct).

The Trevinos also argue that because the Texas Department of Insurance was unable to locate proof of workers' compensation documentation upon request that a fact question exists regarding coverage. However, the TDI letter, as shown in Exhibit 1 of the Trevinos' summary judgment response, does not state that Jalapeno Tree was *not* covered, only that no documentation could be found. This letter, therefore, does not contradict the summary judgment evidence offered by Jalapeno Tree.

The record contains both a workers' compensation policy covering Jalapeno Tree's employees and affidavits from the insurance company regarding coverage, both of which conclusively establish the existence of coverage. *See id.* Therefore, the trial court did not err in granting Jalapeno Tree's motion for summary judgment on the basis of the exclusive-remedy defense.[1] We overrule the Trevinos' sole issue on appeal.

## IV. CONCLUSION

We affirm the trial court's judgment.

230086f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

---

[1] Because we find that summary judgment was proper on Jalapeno Tree's exclusive remedy defense, we do not address its quasi-estoppel defense. *See* TEX. R. APP. P. 47.4.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

SANTA TREVINO AND SESAR
TREVINO, Appellants

No. 05-23-00086-CV     V.

JALAPENO TREE OPERATING,
LLC, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-04245.
Opinion delivered by Justice
Breedlove. Justices Carlyle and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellee JALAPENO TREE OPERATING, LLC
recover its costs of this appeal from appellants SANTA TREVINO AND SESAR
TREVINO.

Judgment entered this 21st day of February, 2024.