**In re Teresa BUDZYN, Relator.**

No. 01–06–00012–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 8, 2006.

Rehearing Overruled Oct. 26, 2006.

Kimberly Soard, Law Offices of Kimberly Soard PC, Katy, TX, for relator.

Ben Taylor, Jennifer Spencer, Fulbright & Jaworski L.L.P., Dallas, TX, for real party in interest.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

Relator Teresa Budzyn seeks mandamus relief from the trial court's November 3, 2005 order disqualifying her counsel, Kimberly Soard, for breach of confidentiality and conflict of interest. We denied Budzyn's petition for writ of mandamus on May 25, 2006.[1] Budzyn has filed a motion for rehearing.

We deny the motion for rehearing. *See* Tex.R.App. P. 52.8.

Justice KEYES concurring in the denial of rehearing.

EVELYN V. KEYES, Justice, concurring.

Although I concur in the denial of the motion for rehearing, I write to address Budzyn's contention that our original disposition in this case conflicts with the recent opinion by the Beaumont court of appeals in *In re Dalco*, 186 S.W.3d 660 (Tex.App.-Beaumont 2006, orig. proceeding), and the subsequent denial by the Texas Supreme Court of Citibank's petition for writ of mandamus in that case.

Citicorp, a global financial services company, has among its subsidiaries, Citibank and Citicorp Credit Services, Inc. ("CCSI"). Citibank issues credit cards and places its delinquent accounts for collection with CCSI, a credit card servicing company. This arrangement requires Citibank to deliver confidential information concerning its accounts and its collection practices to CCSI. CCSI is contractually bound to maintain the confidentiality of the information it receives from Citibank. CCSI places a certain volume of Citibank's accounts with outside collection agencies, such as Universal Fidelity Corporation ("Universal"). Citibank permits CCSI to deliver certain confidential information to these agencies to facilitate collections. Pursuant to a contract between CCSI and Universal, Universal is bound to maintain the confidentiality of the information it receives through CCSI.

From October 1998 to mid-January 2005, Kimberly Soard served as General Counsel and Executive Vice President at Universal. Soard's duties included negotiating and drafting client agreements; directly supervising the legal department; providing legal counsel to corporate officers, managers, and staff; managing legal

---

1. The respondent is the Honorable Lynn Bradshaw–Hull of Harris County Court at Law No. 3. The underlying suit is *Citibank (South Dakota) N.A. v. Teresa J. Budzyn v.* *Regent & Assocs.*, Nos. 834504 and 834505 Consolidated (Harris County Court at Law No. 3, Harris County, Tex.).

defense and settlement of federal and state collection-method violation claims against Universal brought by debtors; and personally defending most lawsuits instituted against Universal. Generally, when a debtor named both Universal and a client creditor in a suit, there was joint representation in the defense—Soard, on behalf of Universal, along with counsel for the client company. Soard was not directly involved in the collection of delinquent accounts.

According to Citibank, Soard personally executed Universal's 2002, 2004, and 2005 contracts with CCSI. Citibank alleges that, pursuant to these contracts, CCSI delivered thousands of customer files, and confidential collections and settlement information to Universal. Citibank alleges that the contracts Soard signed contained confidentiality provisions that prohibited anyone at Universal from disclosing or using this confidential information without authorization from CCSI.

Subsequent to Soard's departure from Universal in January 2005, Soard agreed to represent Budzyn in a suit by and against Citibank. In July 2005, Citibank learned of Soard's prior employment at Universal. On August 2, 2005, Citibank moved to disqualify Soard on the grounds of breach of confidentiality and conflict of interest, alleging that Soard was exploiting Citibank's confidential information to its disadvantage by using the information in representing a cardholder in a suit against Citibank. On October 14, 2005, the trial court conducted a hearing on the motion to disqualify. Citibank put on affidavit evidence and submitted the CCSI–Universal contracts for *in camera* review. During the hearing, Citibank asked Soard if she wished to view the documents being submitted for *in camera* review, and Soard declined. On November 3, 2005, the trial court found that a breach of confidentiality and conflict of interest existed, and granted Citibank's motion to disqualify Soard. It is from this order that Budzyn seeks mandamus relief. On May 25, 2006, we denied Budzyn's petition for writ of mandamus.

In her motion for rehearing, Budzyn contends that this Court should revisit its denial of her petition for writ of mandamus because events in a parallel case demonstrate that she is entitled to relief. Specifically, Budzyn contends that, during the pendency of her mandamus petition in this Court, the Beaumont court of appeals, in *In re Dalco*, 186 S.W.3d 660 (Tex.App.-Beaumont 2006, orig. proceeding), resolved in her favor an "identical Writ for Mandamus Relief [sic] based upon mirror issues," and that the Texas Supreme Court denied Citibank's petition for mandamus relief in that case.[1] Budzyn contends that, because Soard was not disqualified in *Dalco*, Soard should not be disqualified in the instant case. Budzyn contends that this Court's disposition in the instant case, if permitted to stand, will result in "competing decisions ... between the Esteemed Court of Appeals for the 9th and 1st Districts of the State of Texas." I disagree.

The Texas Supreme Court's denial of mandamus in *Dalco* does not have precedential effect on the instant proceeding. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 118–19 (Tex.2004) (orig. proceeding) (explaining that "this Court's failure to grant a petition for writ of mandamus is not an

---

1. In *Dalco*, the trial court disqualified Soard from defending a debtor in a suit by Citibank. *In re Dalco*, 186 S.W.3d 660, 662 (Tex.App.-Beaumont 2006, orig. proceeding). The Beaumont court of appeals, in conditionally granting mandamus relief, concluded that the CCSI–Universal contracts, which were presented there for review, did not support disqualification of Soard. *Id.* at 662, 668–69. The Texas Supreme Court denied Citibank's petition for mandamus relief without opinion.

adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available"). Thus, taking "judicial notice" of the supreme court's denial would not, as Budzyn urges, permit this Court to consider *Dalco* to be controlling in the instant case. In addition, the opinion by the Beaumont court of appeals in *Dalco* is not binding on this Court.

Furthermore, as the opinion in *Dalco* indicates, the contracts at issue were presented to the Beaumont court of appeals for review; however, here, the contracts at issue were not presented to this Court for review. Here, the record shows that, at a hearing on the motion for disqualification, the trial court received the CCSI–Universal contracts for *in camera* review. Budzyn put on no evidence at the hearing; rather, she simply maintained that Soard never signed any agreements that contained confidentiality provisions.[2] Subsequently, the trial court concluded that a breach of confidentiality and conflict of interest existed, and ordered Soard disqualified.

In a mandamus proceeding, an appellate court is deferential to a trial court's factual determinations, unless they are shown to be arbitrary and unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Budzyn asks this Court to hold that the trial court was unreasonable in disqualifying Soard for breach of confidentiality and conflict of interest. However, Budzyn failed in her burden to request that the CCSI–Universal contracts submitted to the trial court be carried forward under seal to this Court for review. *See* Tex.R.App. P. 52.7(a)(2); *Walker*, 827 S.W.2d at 837. Without the

benefit of the complete record submitted below, this Court cannot conclude that the trial court's conclusion to disqualify Soard was unreasonable. *See Walker*, 827 S.W.2d at 837. Budzyn has failed in her burden to demonstrate a clear right to mandamus relief. *See id.*

Accordingly, I concur in the denial of the motion for rehearing.

---

**2.** The record shows, however, that Soard equivocated on this point, stating that, "[t]here may have been some contract of some associate company, whether it be CCSI or whether it be some predecessor in interest that I may have signed a confidentiality provision within it, but there was never a per se confidentiality agreement."