# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20052

ADRIENNE BRADLEY; DENNIS M CURRY; DONALD PHLEGM;
EDWARD O'BRIEN; LONZY WILLIAMS; SCOTTIE JONES; LAWRENCE
NELOMS; MARIO RODRIGUEZ; WAYLAND JACKSON; STEPHANIE L
CURRY; SHIRLEY D OLIVER; EMMA PHLEGM; MARIE L RODRIGUEZ;
MARYANN WILLIAMS; DORA BURNETT; DESMOND BURNETT; BARRY
HUNTER; ANDREA HUNTER; LAMBERT GUIDRY; BERTHA GUIDRY

Plaintiffs - Appellants

and

JULIAN GARCIA, JR; ROCKY D GEORGE; EARL MCPHEARSON; TERRY
MERCIER; ONESIMO PEREZ; BRENDA CASTLE-WILLIAMS; TIM
WILLIAMS; CHRISTY M DURDEN; RANDALL DURDEN; JIMMY R
JONES; VICKY JONES; SHIRLEY MCPHEARSON; ANGELA K
WILLIAMS; ABEL ARGUELLES; ANGELA MERCIER

Intervenor Plaintiffs - Appellants

v.

PHILLIPS CHEMICAL COMPANY; CONOCOPHILLIPS; CHEVRON
PHILLIPS CHEMICAL COMPANY LP; WILLIAMS & BAILEY LAW FIRM
LLP; JIM S HART; JOHN E WILLIAMS, JR; JAMES J MULVA; JIM
GALLOGLY; ROBY G PLEMONS; DAVID TAYLOR; LOCAL
4227 PAPER ALLIED-INDUSTRIAL CHEMICAL AND ENERGY
WORKERS INTERNATIONAL; PACIFIC EMPLOYERS INSURANCE
COMPANY; PAPER ALLIED-INDUSTRIAL CHEMICAL AND ENERGY
WORKERS INTERNATIONAL; JOSEPH CAMPBELL; MELVIN BYERS;
JAMES LEFTON; BG MARTINEZ; MAXWELL HICKERSON, All in Their
Individual and Official Capacity; PHILLIPS PETROLEUM CO dba Phillips

Chemical Co; HAROLD BANKS; AMY JOLLY WOODARD; CHEVRON
PHILLIPS CHEMICAL COMPANY LLC

                              Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3912

---

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants challenge: (1) an adverse summary judgment, contending genuine issues of material fact exist on their coverage *vel non* under the workers' compensation policy issued to Phillips Chemical Company; and (2) their remaining claims being dismissed under Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted).

Appellants are two groups of plaintiffs (Curry and Jones Appellants) who were employed by, or related to employees of, Phillips. They seek damages for injuries suffered in an explosion in 2000 at a Phillips' K Resin Unit in Texas. They essentially allege: defendants–including, *inter alia,* Phillips, Phillips' workers'-compensation carrier, and a law firm representing Phillips–misrepresented the existence of workers'-compensation coverage; and, by means of these misrepresentations, defrauded plaintiffs of their right to common-law remedies. Their claims include aggravated assault, loss of consortium, fraud, conspiracy, negligence, breach of fiduciary duty, and a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court granted defendants' motions for partial summary judgment on 22 March 2007, concluding that the relevant employees were covered by Phillips' workers' compensation policy. The opinion ordered Appellants to file amended complaints, presenting only claims that remained viable after the workers'-compensation-coverage ruling.

On 18 December 2007, in separate opinions and following submission of amended complaints, the district court, pursuant to Rule 12(b)(6), dismissed the remaining claims.

A summary judgment is reviewed *de novo*, "applying the same standard as" the district court. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Such judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c). "We review the facts drawing all inferences most favorable to the party opposing the motion." *Arguello v. Conoco, Inc.*, 207 F.3d 803, 807 (5th Cir. 2000). We review "a district court's dismissal under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs". *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal citation and quotation marks omitted).

Appellants contend summary-judgment evidence established genuine issues of material fact on the coverage issue, precluding summary judgment. The Curry Appellants further contend dismissal of the other claims was error because their aggravated-assault, RICO, fraud, conspiracy, and loss-of-consortium claims were adequately pleaded. They also contend the district court erroneously dismissed their negligence and breach-of-fiduciary-duty claims by improperly resolving questions of fact at the Rule 12(b)(6) stage. Although the Jones Appellants do not address the claims-dismissal in their brief, they do

request our "revers[ing] or vacat[ing] the dismissal order . . . to the extent any portion of it was based on the district court's incorrect determination" regarding workers'-compensation coverage.

Essentially for the reasons stated in the district court's thorough and well-reasoned opinions, the judgment is AFFIRMED.