Robert Earl **WARNKE**, Appellant,

v.

**NABORS DRILLING USA, L.P., NDUSA Holdings Corp., and Bruce Wilkinson, Appellees.**

No. 01–09–00734–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 25, 2011.

Lynne Jurek Shannon, Thomas Joseph Smith, Galloway, Johnson, Tompkins, Burr & Smith, PC, Houston, TX, for Appellant.

Michael D. Farmer, Plummer & Farmer, Houston, TX, for Appellees.

Panel consists of Justices JENNINGS, HIGLEY, and BROWN.

## OPINION ON REHEARING

HARVEY BROWN, Justice.

Appellees Nabors Drilling USA, L.P., NDUSA Holdings Corporation, and Bruce Wilkinson filed a motion for rehearing and a motion for en banc reconsideration of our opinion issued on April 7, 2011. We grant rehearing, deny as moot their motion for reconsideration en banc, withdraw our opinion and judgment, and issue this opinion.

Robert Earl Warnke filed negligence, fraud, and negligent misrepresentation claims against Nabors Drilling USA, L.P., NDUSA Holdings Corporation, and Bruce Wilkinson arising out of his workplace injury and his claim for workers' compensation.[1] The trial court granted a traditional summary judgment against Warnke disposing of all claims and all parties. Warnke contends the trial court erred in granting summary judgment because (1) Nabors and NDUSA Holdings failed to establish that they provided him with pre-injury notice of coverage and such notice is required for it to claim subscriber status under the Texas Workers' Compensation Act (the "Act"); (2) a genuine issue of material fact existed whether Wilkinson was an independent contractor and therefore covered under the Act's exclusive remedy provision; and (3) his claims for injuries arising from Nabors's alleged fraudulent and negligent misrepresentation constituted separate injuries from his on-the-job injury and fell outside the protection of the Act's exclusive remedy provision.

We affirm in part, reverse in part, and remand for further proceedings.

## Background

In December 2006, Warnke suffered an on-the-job injury at Nabors's yard when a pipe connected by a co-worker, Bruce Wilkinson, came free and crushed his hand. In his affidavit, Warnke testified that his supervisor told him before his injury that he was not covered by workers' compensation insurance and that after his injury an

---

1. Appellees assert that NDUSA Holdings is the general partner of Nabors. Warnke never disputed the contention that both Nabors and NDUSA Holdings are employers within the Workers' Compensation Act's exclusive remedy provision.

employee in Nabors's human resources department, Brandon Cannady, denied Nabors's responsibility for Warnke's medical expenses.[2] Warnke's wife testified by affidavit that Cannady told her that Warnke was not a Nabors employee and Nabors would not provide him workers' compensation coverage. Warnke also alleged that Nabors and NDUSA Holdings never provided him written notice of coverage under workers' compensation insurance before his injury. Eight months after the accident and about three months after filing suit, Warnke began receiving workers' compensation benefits from Nabors's workers' compensation carrier.

Warnke filed suit against Nabors for negligence, fraud, and negligent misrepresentation, against NDUSA Holdings for negligence, and against Wilkinson for negligence.[3] In his original petition, Warnke claimed that he and Wilkinson were both employees of Nabors. He later amended his petition to plead in the alternative that Wilkinson was an independent contractor.

Nabors, NDUSA Holdings, and Wilkinson filed a traditional motion for summary judgment arguing that no genuine issue of material fact existed because the Act's exclusive remedy provision bars Warnke's recovery. Nabors, NDUSA Holdings, and Wilkinson argued that subscriber status does not depend on providing the employee with pre-injury notice of coverage. Nabors—the only defendant sued for fraud and negligent misrepresentation claims— also asserted that the exclusive remedy provision barred Warnke's fraud and negligent misrepresentation claims. Warnke responded that (1) Nabors and NDUSA Holdings were not subscribers because

they failed to give Warnke notice of coverage and their insurance provider was not authorized to act in Texas; (2) a fact issue exists regarding whether Wilkinson was an independent contractor and therefore not covered by the exclusive remedy provision; and (3) his fraud and negligent misrepresentation claims arise from a separate injury from the on-the-job injury covered by the Act. The trial court granted summary judgment in favor of Nabors, NDUSA Holdings, and Wilkinson on all claims.

## Summary Judgment Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). Under the traditional standard for summary judgment motions, the movant has the burden to show that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). The motion must state the specific grounds relied upon for summary judgment. Tex.R. Civ. P. 166a(c). When reviewing a summary judgment motion, we take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiffs causes of

2. In the first report of injury, Nabors stated that Warnke was a third party contractor working for Express Payroll. Express Payroll entered into a "contractor agreement" with Nabors to act as a "payroll source" for Nabors.

3. Warnke clarified in his motion for rehearing that negligence was his only claim against NDUSA Holdings.

action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

## Exclusive Remedy Under the Workers' Compensation Act

The Act is the exclusive remedy for nonintentional, "work-related injuries" of an employee, and exempts the employer, its agents, and its employees from common-law liability claims based on negligence or gross negligence. *See* TEX. LAB.CODE ANN. § 408.001(a) (West 2006);[4] *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985). The exclusive remedy provision protects the employer in exchange for prompt remuneration to the employee who is relieved of the burden of proving the employer's negligence. *Hulshouser v. Tex. Workers' Comp. Ins. Fund*, 139 S.W.3d 789, 792 (Tex.App.-Dallas 2004, no pet.). The Act defines "injury" to mean, "damage or harm to the physical structure of the body and a disease or infection naturally resulting from the damage or harm." TEX. LAB.CODE ANN. § 401.011(26) (West Supp. 2010).

The exclusive remedy provision is an affirmative defense that the defendant must plead and prove. *See Exxon Corp. v. Perez*, 842 S.W.2d 629, 630–31 (Tex.1992); *AMS Const. Co. v. K.H.K. Scaffolding Houston, Inc.*, 357 S.W.3d 30, 43 (Tex.App.-Houston [1st Dist.] 2011, no pet.) (citing *Pierce v. Holiday*, 155 S.W.3d 676, 678 (Tex.App.-Texarkana 2005, no pet.)). To demonstrate that a common law claim is barred by the Act, the defendant must show that the injured worker was (1) its employee at the time of the work-related injury and (2) covered by workers' compensation insurance. *See Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 476–77 (Tex.2005); *Martinez v. H.B. Zachry Co.*, 976 S.W.2d 746, 748 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). Once these requirements are satisfied, the exclusive remedy provision is triggered and all employee claims of work-related negligence and gross negligence are barred. *See* TEX. LAB.CODE ANN. § 408.001; *see also Reed Tool*, 689 S.W.2d at 406. Warnke does not challenge either of these elements of the exclusive remedy defense. He contends instead that there is another requirement that must be satisfied to prevail on this defense: pre-injury notice of coverage.

### A. Notice and Subscriber Status

Warnke contends that Nabors is not entitled to the exclusive remedy defense unless it provides its employees with pre-injury notice of workers' compensation insurance coverage. He asserts that Nabors and NDUSA Holdings failed to give such notice, and thereby lost their subscriber status and the protection of the exclusive remedy provision. The Act requires employers to notify "each employee . . . whether or not the employer has workers' compensation insurance coverage." TEX. LAB.CODE ANN. § 406.005 (West 2006). Failure to give notice constitutes an administrative violation punishable by a fine. *See id.* § 406.005(e); *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 618 (Tex. App.-Dallas 2006, no pet.).

Courts in this state, including this court, have held that the exclusivity bar does not hinge on whether notice has been

---

**4.** Section 408.001(a) provides, "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for . . . a work-related injury sustained by the employee." TEX. LAB.CODE ANN. § 408.001(a) (West 2006).

provided to the employee. *See, e.g., Wesby,* 199 S.W.3d at 618; *see also Blazik v. Foley's, Inc.,* No. 01–96–01140–CV, 1998 WL 788848, at *3 (Tex.App.-Houston [1st Dist.] Nov. 12, 1998, no pet.) (mem. op., not designated for publication). Although Nabors provided no evidence to show it gave pre-injury coverage notice to Warnke, the Act and the exclusivity provision apply even without such notice.[5]

■ Nabors presented sufficient evidence otherwise to demonstrate subscriber status under the Act. Neither party contests Warnke's status as an employee at the time of his injury. Further, Nabors attached an affidavit from its insurance carrier's managing director stating that his company provided workers' compensation insurance to Nabors at the time of the accident. Nabors also attached the Texas Department of Insurance's certification of the carrier's authority to provide insurance in Texas. Nabors therefore satisfied its burden to demonstrate subscriber status and triggered the exclusive remedy provision of the Act. Accordingly, we hold that the exclusive remedy provision bars Warnke's common law negligence claims against Nabors and NDUSA Holdings for the on-the-job injury of his hand.

We overrule Warnke's complaint as to pre-injury notice and Nabors and NDUSA Holding's subscriber status.

## B. Employee or Independent Contractor

■ Warnke next contends the Act's exclusive remedy provision does not apply to his negligence claim against Wilkinson because Wilkinson failed to prove conclusively that he was an employee of Nabors. *See* Tex. Lab.Code Ann. § 408.001(a); *see Hughes Wood Prod. v. Wagner,* 18 S.W.3d 202, 206 (Tex.2000). While an employer's exclusive remedy generally covers the liability of its employees, the same protection does not apply to independent contractors without some showing that the employer exercised "employer-like" control over the contractor. *See Garza,* 161 S.W.3d at 476–77.

■ The only summary judgment evidence Nabors and Wilkinson submitted for Wilkinson's employment status was their second amended answer and Warnke's amended petition. Nabors and Wilkinson argue that Warnke made a judicial admission that Wilkinson was an employee in his amended petition. "Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Holy Cross Church of God in Christ v. Wolf,* 44 S.W.3d 562, 568 (Tex.2001). An admission in a pleading must be deliberate, clear, and unequivocal to constitute a judicial admission. *Bowen v. Robinson,* 227 S.W.3d 86, 94 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). Warnke's first amended petition labeled Wilkinson as a "co-employee" of Nabors, but it also asserted in the alternative that he was an independent contractor. Pleading in the alternative does not constitute a judicial admission. *See id.* at 95. Labeling Wilkinson as both a "co-employee" and an independent contractor constitutes some evidence of both propositions—that Wilkinson is either a co-employee or an independent contractor. The

---

**5.** Warnke asserts we should follow *Ferguson v. Hosp. Corp. Int'l Ltd.,* 769 F.2d 268 (5th Cir.1985), which held the failure to comply with the notice requirement bars an employer from claiming subscriber status. However, the Southern District of Texas in *Bradley v. Phillips Chemical Co.,* 484 F.Supp.2d 604, 618 (S.D.Tex.2007), *aff'd,* 337 Fed.Appx. 397 (5th Cir.2009), states *Ferguson* is no longer binding precedent and lists several Texas appellate cases decided since *Ferguson* that have held that the exclusivity provision does not hinge on pre-injury notice. *Bradley,* 484 F.Supp.2d at 618 n. 43.

pleading is not so clear and unequivocal to prove his employment status conclusively.

■■■ As summary judgment proof, Nabors and Wilkinson also relied on their second amended answer, which named Wilkinson as a "co-employee." A movant's own pleadings do not constitute summary judgment evidence as a general rule. *Powell v. McCauley*, 126 S.W.3d 158, 162 (Tex.App.-Houston [1st Dist.] 2003, no pet.). The second amended answer, therefore, amounts to no evidence in support of summary judgment. *See id.*

■■■ On rehearing, Nabors and Wilkinson rely on (1) Wilkinson and Warnke's identical agreements with Re–Cal Services, Inc. and (2) their I–9 forms that identified Wilkinson and Warnke as Nabors's employees. While these documents were not incorporated into Nabors's summary judgment motion, Warnke included them in the summary judgment record as part of his response. The trial court, therefore, could rely on the entire record, including these documents, as a basis for ruling on the summary judgment motion. *See Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex.1995).

■■■ Nabors and Wilkinson assert that because Warnke and Wilkinson signed identical employment documents, and it is undisputed that Warnke is Nabors's employee, Wilkinson must also be Nabors's employee. All of the summary judgment evidence demonstrates that Wilkinson was employed in the same manner as Warnke. Therefore, it is contradictory to say that Warnke is an employee but a fact issue exists on Wilkinson's employment status.

We overrule Warnke's complaint with regard to his common law negligence claim against Wilkinson.

## C. Fraud and Negligent Misrepresentation

Warnke next contends that his fraud and negligent misrepresentation claims against Nabors are for injuries separate from his on-the-job hand injury and, therefore, are not covered by the Act or its exclusive remedy provision. In his amended petition, Warnke claims that Nabors committed fraud and made negligent misrepresentations by deceiving him about his coverage under workers' compensation insurance. In his petition, he also alleges that he "suffered great anxiety and emotional distress upon learning that he did not have coverage," that he had to take out "a loan against his home to obtain funds to pay for his medical and living expenses," and that he suffered unspecified "economic and emotional damage" as a result of Nabors's fraudulent and negligent misrepresentations.[6]

Nabors raised three arguments in its traditional summary judgment motion. First, Nabors asserted that none of its employees made any fraudulent misrepresentations to Warnke about his insurance coverage. Second, even if its employees made misrepresentations, Nabors contended that it conclusively negated the specific intent requirement of the intentional tort exception to the Act's exclusivity defense— an element for which Warnke would bear the burden of proof at trial. Third, Nabors maintained that Warnke's fraud and negligent misrepresentation claims do not fall within intentional tort exception to the exclusivity defense. We address each of these defenses in turn.

### 1. No Misrepresentations

■■■ Nabors denies that it made any fraudulent misrepresentations to

6. While Warnke made these allegations in his pleading, he did not include evidence to support his assertions in his response to Nabors and Wilkinson's summary judgment motion.

Warnke. In a summary judgment appeal, however, we must take as true all evidence favorable to the nonmovant, Warnke, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Dorsett,* 164 S.W.3d at 661. Warnke attached his and his wife's affidavits, in which they detailed misrepresentations by Brandon Cannady, an employee in Nabors's human resources department, regarding Warnke's workers' compensation status. Under the summary judgment standard of review, we must presume that the misrepresentations were made regarding Warnke's coverage under workers' compensation insurance.[7]

### 2. Nabors's Intent

Nabors contends that Warnke presented no evidence of any intent by any Nabors employee to commit fraud. Nabors, however, filed a traditional summary judgment motion instead of a no-evidence motion. Nabors therefore had the burden of disproving Warnke's claim as a matter of law. *See Sci. Spectrum,* 941 S.W.2d at 911.

Nabors next contends that it satisfied its burden of disproving Warnke's fraud claim by conclusively negating intent through the testimony of one of its managers, Duke Dixon. Dixon's testimony is not dispositive of Nabors's intent. Dixon denied speaking with Mrs. Warnke. He also denied telling Warnke that he was not covered by insurance, and testified that he told Warnke to "check with his supervisor." Warnke did not rebut this denial, but offered affidavit evidence of misrepresentations by another Nabors employee,

Cannady. Nabors contends that Cannady was not its employee, or was not a managerial employee, but without citing to evidence in the record to support this contention.[8]

### 3. Intentional Torts, Separate Acts, & Independent Injuries

In its summary judgment motion, Nabors contended that Warnke's fraud and negligent misrepresentation claims do not fall within the intentional tort exception to the exclusivity defense, and that the exception is limited to direct assaults by the employer on the employee. *See Medina v. Herrera,* 927 S.W.2d 597, 601–02 (Tex. 1996) (employee's claim against employer for on-the-job assault was not barred by exclusivity provision under certain limited circumstances). In his summary judgment response, Warnke argued that his claim was not based on that exception and that the Act does not apply to his fraud and negligent misrepresentation claims. According to Warnke's response, the exclusivity defense does not apply when the liability facts occurred at a separate time—after his injury—and caused injuries separate from his on-the-job hand injury. Nabors's summary judgment motion did not address this claimed exception to the exclusivity defense. In its reply, however, Nabors contended that these additional economic and emotional injuries were "directly related" to Warnke's hand injury and would not have occurred but for the hand injury.

---

7. On rehearing, Nabors alternatively asserts that even if Cannady told Warnke that Nabors was not responsible for his medical expenses, then that statement was not a misrepresentation because the insurance company, not Nabors, was responsible for payment of benefits. Nabors did not raise a "truth" defense in its summary judgment motion and therefore can-

not rely on this ground to support summary judgment.

8. Nabors stated in its response to Warnke's summary judgment reply that its attorney informed Warnke in a letter that Cannady was never employed by Nabors. No summary judgment evidence, however, was attached to support this contention.

### a. The Intentional Tort Exception

█ Nabors attempts to reshape Warnke's arguments in terms of the intentional tort exception to the Act's exclusive remedy provision. Warnke's separate-injury argument, however, goes to the applicability of the Act in its entirety, not to an exception to the exclusivity remedy.

█ Under the intentional tort exception, "an employer can, under certain circumstances, be sued at common law for its own intentional torts, even though it provides insurance under the Act." *Urdiales v. Concord Techs. Del., Inc.*, 120 S.W.3d 400, 406 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). The receipt of workers' compensation benefits and recovery against the employer for an intentional tort are generally mutually exclusive remedies. *See Medina*, 927 S.W.2d at 601. The exception to the exclusivity bar is a narrow one. *Reed Tool*, 689 S.W.2d at 407. "[M]ere negligence or willful negligence will not suffice" to fall within the intentional tort exception. *Urdiales*, 120 S.W.3d at 406.

Nabors's reliance on *Medina* conflates the intentional tort exception with the separate injury issue. In *Medina*, both the physical assault and the resulting injury were the same for the intentional tort claims and the compensation claim under the Act. *See id.* at 598. Here, the record contains evidence of two different acts—the crushing of Warnke's hand and the misinformation regarding insurance coverage—and allegations of injuries separate from his on-the-job injuries.

### b. Separate Acts & Independent Injuries

Warnke contends that the Act does not apply to his fraud and negligence misrepresentation claims. Texas courts have recognized the limitations of the exclusivity defense regarding separate wrongful conduct from the acts that caused the on-the-job injury and an employee's resulting distinct injuries.

In *Aranda v. Insurance Co. of North America*, the Texas Supreme Court upheld an employee's right to bring a claim for the breach of the duty of good faith and fair dealing against a workers' compensation insurance carrier. 748 S.W.2d 210, 214 (Tex.1988). The Court rejected the argument that the exclusivity defense barred the claim:

> [T]he remedies afforded by the statute are exclusive only if the injury complained of is an injury contemplated by the Act—a personal injury sustained in the course of employment. The Act was not intended to shield compensation carriers from the entire field of tort law.

*Id.* In analyzing whether the Act barred the employee's claim, the Court in *Aranda* noted that the employee's liability claim was based on acts "distinct" from the acts that formed the basis of the on-the-job injury. *Id.* Additionally, when the claim is for a second injury in the form of impairment of legal rights, that injury occurs "after the job-related injury." *Id.* (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983)). The Court held that the employee can recover only if he or she demonstrates both that the "intentional act is separate from the compensation claim" and this separate act "produced an independent injury." *Id. Aranda* recognized that an injury independent from a failure to pay compensation benefits included losses to credit and reputation or "an inability to meeting basic living expenses." *Id.* at 212, 214.

This court adopted the language in *Aranda* and recognized that "injured employees 'may in the interim incur substantial damages because of an inability to meet basic living expenses or pay for medical

care.' " *Tex. Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651, 669 (Tex.App.-Houston [1st Dist.] 2008, pet. granted) (citing *Aranda*, 748 S.W.2d at 212).[9] In *Ruttiger*, this court held that the aggravation of an on-the-job injury as a result of the insurance carrier preventing prompt medical treatment can be considered a separate injury. *Id.* at 670–71.

Warnke's claims are similar to those in *Aranda*, though he alleges wrongful conduct against his employer instead of an insurance carrier. Warnke's petition identifies injuries he allegedly suffered as a result of Nabors's misrepresentations, separate from his personal injury claims, including economic damages as a result of a loan. Warnke also claims that the financial stress caused mental anguish and that this stress constituted an independent injury.[10]

#### i. Fraudulent Misrepresentations

While *Aranda* and *Ruttiger* were suits against insurance carriers, *Harris v. Varo*, 814 S.W.2d 520, 526 (Tex.App.-Dallas 1991, no writ), extended the holding in *Aranda* to fraudulent misrepresentation claims against employers. In *Harris*, the employee suffered an on-the-job injury. She sued for that on-the-job injury as well as for her employer's fraudulent misrepresentation of the identity of its insurance carrier. The Dallas Court of Appeals overturned the trial court's summary judgment on a technical ground—the employer failed

to address the employee's fraud claim. *Harris*, 814 S.W.2d at 526. Nevertheless, the court stated that the fraud claim was wholly separate from the employee's claim for her physical injuries. *Id.* "Consequently, we hold that the exclusivity provision of the act does not bar [the employee's] claim against [the employer] for the intentional tort of fraud." *Id.* at 526. That part of *Harris* addressing the validity of a fraud claim against an employer was dicta, but this court adopted it in *Blazik v. Foley's Inc.* No. 01–96–01140–CV, 1998 WL 788848, at *4 (Tex.App.-Houston [1st Dist.] Nov. 12, 1998, no pet.). We stated in *Blazik* that the Act "does not bar an employee from bringing a separate claim against an employer for fraudulent misrepresentations concerning its insurance coverage." *Id.*

We are not bound by *Blazik* or *Harris*. *See* TEX.R.APP. P. 47.7 (stating opinions published before January 1, 2003 and designated "do not publish" are not binding precedent); *In re Budzyn*, 206 S.W.3d 721, 723 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (stating opinion by one Texas appellate court is not binding on other Texas appellate courts). We are persuaded, however, that the rationale of *Aranda* and *Massey* applies not only to a claim against an insurance carrier, but also to a claim against the employer for misrepresentations concerning insurance coverage.[11]

Additionally, a majority of jurisdictions have found that deceit by the employer or

---

9. We recognize that the Texas Supreme Court has been asked to overrule *Aranda*, but the case is still Texas law. Petitioner's Brief on Merits at 27–29, *Tex. Mut. Ins. Co. v. Ruttiger*, No. 08–0751 (filed Apr. 15, 2009). Moreover, even if it were to limit *Aranda*, we would still have to consider *Aranda*'s underlying precedent in *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983), which utilized the same separate act and injury analysis.

10. In oral argument, Warnke acknowledged that the jury should be instructed to only consider mental anguish from the withholding of benefits and not mental anguish associated with the physical injury of his hand.

11. Contrary to Nabors's contention on rehearing, we are not recognizing a duty of good faith and fair dealing for an employer in responding to its employees' workers' compensation claims.

insurance carrier that impairs an employee's legal rights under workers' compensation law constitutes a claim separate from the on-the-job physical injury. *See* 6 Arthur Larson & Lex Larson, Larson's Worker's Compensation Law, § 104.03[3], 104.03 D[3] n. 6, 7 (2010). As summarized by Professor Larson, these cases distinguish between the employee's physical injuries and injuries that impair the employee's legal rights. These courts hold that, as a result of the separate injury, the workers' compensation statutes do not bar recovery for these fraudulent acts. *See, e.g., Persinger v. Peabody Coal Co.,* 196 W.Va. 707, 474 S.E.2d 887, 896–97 (1996) (holding workers' compensation statute does not preclude employee from maintaining separate and distinct cause of action against employer when employer makes misrepresentations with intent of depriving employee of benefits rightfully due to him); *see also Vandemark v. Southland Corp.,* 38 Ohio St.3d 1, 525 N.E.2d 1374, 1376–77 (1988) (holding employee has tort cause of action when employer never filed employee's workers' compensation claim but deceived employee that it had so filed); *Caban v. Gottlieb Iron Works,* 147 Misc.2d 583, 558 N.Y.S.2d 810, 813 (1990) (holding exclusive remedy bar did not apply to common law action against employer for impairing employees' right to sue third-party tortfeasor). These courts' recognition of a distinction between personal, on-the-job injuries under workers' compensation statutes and separate, independent injuries is consistent with the Texas Supreme Court's decisions in *Aranda* and *Massey. See Aranda,* 748 S.W.2d at 214; *Massey,* 652 S.W.2d at 933.

### ii. Negligent Misrepresentations

Neither party argues below or in their briefs that a claim of negligent misrepresentation against the employer should be treated differently than a claim of fraud. Thus, we do not address whether negligent misrepresentation claims should be barred on other grounds.[12] *See State Farm Lloyds v. Page,* 315 S.W.3d 525, 532 (Tex.2010) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion.").

### iii. Warnke's Claims

■■■ That brings us to the evidence in this case. Nabors contends on rehearing that Warnke had the burden to rebut the exclusivity defense by offering summary judgment evidence that he suffered injuries separate from the hand injury for which he received workers' compensation benefits. In essence, Nabors asserts that Warnke must set forth a counter-affirmative defense to its exclusivity provision affirmative defense.[13] Warnke contends

---

12. Nabors on rehearing relies on *Hair v. Pillsbury Co.,* No. 05–01–01354–CV, 2002 WL 1494922, at *7 (Tex.App.-Dallas July 15, 2002, no pet.) (mem. op., not designated for publication), to support its contention that the Act bars Warnke's negligent misrepresentation claim. This case is not cited by Nabors in its original brief, nor are its arguments addressed in Nabors's brief. We do not determine, therefore, whether Warnke's negligent misrepresentations claims are actionable. Likewise, we also do not consider Nabors's arguments on rehearing that Warnke failed to present evidence of actual and justifiable reliance or intent to defraud. Because Nabors

filed a traditional summary judgment motion rather than a no-evidence motion, Warnke did not have the burden to prove the elements of his claim. We also reject Nabors's contention on rehearing that our holding opens the door to negligent misrepresentation claims or that it makes employers less likely to subscribe to workers' compensation coverage because they will be sued for negligent misrepresentation.

13. A counter-affirmative defense does not seek to overcome the affirmative defense by denying the affirmative defense, but seeks to establish an independent reason why the affirmative defense does not bar the plaintiff's

that Nabors, as the movant for a traditional summary judgment relying on an affirmative defense, had the burden to demonstrate that the Act and its exclusive remedy provision applies. Thus, Warnke asserts Nabors had the burden to show that he suffered a work-related, physical injury under the Act. *See* TEX. LAB.CODE ANN. § 408.001(a).

Neither party offered any proof on this issue. Nabors merely argued Warnke's injured hand and the misrepresentations of his insurance coverage amounted to the same injury. Employing a "but for" analysis, Nabors asserted that if Warnke "had not received the hand injury, the discussion of workers' compensation benefits would have never occurred." Warnke relied on his pleadings that described Nabors's alleged hostility to his claim and the eight month delay before he received benefits. Therefore, the allocation of the burden of proof is critical to determining the propriety of the trial court's summary judgment.

■■■ We reject Nabors's contention that Warnke's failure to prove a separate act resulting in a separate injury justifies the trial court granting its traditional summary judgment motion for two procedural reasons. First, Nabors did not argue to the trial court or in its original brief on appeal that Warnke bore the burden of proving a separate injury or that Warnke failed to prove a separate injury. Instead, it argued that the injuries would not have occurred but for his hand injuries and

therefore were "directly related" to Warnke's compensation claim as a matter of law. Because this issue was not presented to the trial court, the motion did not inform Warnke that he needed to present evidence of a separate injury. *See* TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick*, 988 S.W.2d at 748. Procedurally, this issue was not properly preserved. *See Page*, 315 S.W.3d at 532.

A second procedural reason is that Nabors filed a traditional summary judgment motion and not a no-evidence motion. Therefore, regardless of the ultimate burden of proof at trial, it was Nabors's burden in its motion to prove that Warnke did not suffer an independent injury. *See* TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick*, 988 S.W.2d at 748.

We sustain Warnke's complaint as to his fraud and negligent misrepresentation claims against Nabors.

### Conclusion

We affirm the trial court's judgment regarding Warnke's negligence claim against all parties. We reverse the trial court's judgment on his fraud and negligent misrepresentation claims against Nabors. We remand to the trial court for further proceedings consistent with this opinion.

claim. *See Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 295 (Tex.2010) (holding that when movant-defendant proved statute-of-limitations affirmative defense, burden shifted to non-movant to raise fact issue on lack of reasonable opportunity to discover and bring suit within limitations period); *G.C. Bldgs., Inc. v. RGS Contractors, Inc.*, 188 S.W.3d 739, 742 (Tex.App.-Dallas 2006, no pet.) (stating that if defendant establishes af-

firmative defense in summary judgment motion, "the burden then shifts to the party opposing the motion to raise a genuine issue of material fact or show the defendant's legal position is unsound"); *Resolution Trust Corp. v. Ammons*, 836 S.W.2d 705, 710 (Tex.App.-Houston [1st Dist.] 1992, no writ) (stating that plaintiff may defeat defendant's summary judgment by raising a fact issue on each element of its counter-affirmative defense).