**Affirmed and Memorandum Opinion filed July 19, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00902-CV

## DEANDREW PRICE, Appellant

### V.

## UNI-FORM COMPONENTS COMPANY, Appellee

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-70477**

## MEMORANDUM OPINION

Appellant, Deandrew Price, appeals the summary judgment granted in favor of appellee, Uni-Form Components Co. (UCC), on his negligence cause of action. In his sole issue in this appeal, Price claims the trial court erred in granting UCC's motion for summary judgment because a material fact issue existed as to whether UCC carried workers' compensation insurance covering Price at the time of the accident. We affirm.

### BACKGROUND

Price, an employee of AGL Elite Business Solutions (AGL)—an employment agency that provided workers to UCC on a temporary basis—was working as a machine

operator at UCC. On August 4, 2008, Price was cutting a piece of steel with a cutting torch, when a piece of steel fell off the table onto his right foot, severely injuring his foot. Price sued AGL and UCC for negligence. UCC answered with a number of affirmative defenses, including that Price was a temporary employee of UCC, and UCC had workers' compensation insurance for the benefit of all its employees, including temporary employees; therefore, the exclusive remedy provision of the Texas Workers' Compensation Act (TWCA) barred Price's claims against UCC.[1]

UCC moved for summary judgment based on the affirmative defense of the exclusive remedy, claiming that Price was considered a UCC employee at the time of the accident and UCC maintained workers' compensation insurance. Included in UCC's summary judgment evidence was Price's deposition wherein he testified that UCC had the right to tell him how to perform his "job functions on those machines with respect to the details of [his] work." UCC also attached the affidavit of Stephen Songer, UCC's general manager, who similarly stated that Price was a temporary employee under the control of UCC; UCC had the right to control the details of Price's work; and UCC had the right to set Price's schedule and hours, and instruct him regarding his job duties. Songer further attested that UCC had workers' compensation insurance available for traditional and temporary employees, and the attached certificate of insurance reflected that such insurance was available for UCC employees on August 4, 2008.[2] The attached certificate of insurance reflected that UCC had workers' compensation insurance in effect

---

[1] *See* TEX. LAB. CODE ANN. § 408.001 (West 2006).

[2] UCC stated in its motion for summary judgment that "AGL typically maintained worker's [sic] compensation insurance for the workers it supplied to its customers, including UCC. However, on this occasion, there was a lapse in coverage for AGL. Despite this, UCC had its own worker's [sic] compensation insurance covering employees who were injured in the course and scope of their employment, including its borrowed servants."

on August 4, 2008, the date of the accident.[3] The certificate also showed the name of the insurer, the policy number, the policy period, and the policy limits.

Price responded to UCC's motion for summary judgment, claiming that Price's affidavit raised a genuine issue of material fact as to whether UCC carried workers' compensation insurance covering Price at the time of the accident. Price stated in his affidavit that he never received a check for loss in income issued by any insurance company; all such checks Price received were issued by AGL; Price received no documents reflecting any involvement by a workers' compensation company after the accident; and Price had not been contacted by anyone connected to any insurance company.

Price also complained in this response that UCC had not produced a copy of the workers' compensation policy in either its motion for summary judgment or in response to Price's request for disclosure. Instead of producing a copy of the policy, UCC responded: "UCC had general liability insurance and worker's compensation insurance available for any and all employees, including borrowed servants." Price asserted that the failure to produce a copy of the workers' compensation insurance policy was a ground for denying UCC's motion for summary judgment. Price further contended that Songer's conclusory statement that UCC had workers' compensation insurance covering Price on the date of the accident was insufficient to prove the existence of such coverage.[4]

---

[3] UCC moved for leave to supplement the summary judgment record with the certificate of insurance because it had been inadvertently omitted at the time UCC filed its motion for summary judgment. The trial court granted UCC's motion for leave before it ruled on the motion for summary judgment.

[4] Price did not respond to UCC's summary judgment argument that he was UCC's borrowed servant, and he does not address the borrowed servant argument on appeal. At oral argument, Price's attorney stated that it is undisputed that Price was an employee of UCC at the time of the accident. Therefore, the only issue on appeal is whether UCC established that it had a workers' compensation policy that covered Price at the time of the accident. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex. 1990) (per curiam) (explaining that "grounds of error not asserted by point of error or arguments in the court of appeals are waived").

3

The trial court granted UCC's motion for summary judgment and motion for severance, severing all of Price's causes of action against UCC, making the summary judgment order a final judgment.

## ANALYSIS

In Price's only issue on appeal, he claims the trial court erred in granting UCC's motion for summary judgment by failing to find that a genuine issue of material fact exists as to whether UCC carried workers' compensation insurance at the time of the accident.

To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848. The defendant is entitled to summary judgment if it conclusively negates at least one of the essential elements of the plaintiff's cause of action or if it conclusively establishes all the elements of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010), *cert. denied*, — U.S. —, 131 S. Ct. 1017 (2011).

The TWCA was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. *Hughes Wood Prods. v. Wagner*, 18 S.W.3d 202, 206 (Tex. 2000) (quoting *Darensburg v. Tobey*, 887 S.W.2d 84, 86 (Tex. App.—Dallas 1994, writ denied)). An employer has the option of providing workers' compensation insurance for employees and becoming a subscriber under the

4

TWCA, or not providing workers' compensation insurance and remaining a nonsubscriber. TEX. LAB. CODE ANN. § 406.002(a) (West 2006); *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.). If the employer chooses not to subscribe, the employer may not assert common-law defenses against an employee in a negligence suit. *Briggs*, 337 S.W.3d at 281; *Hunt Constr. Group, Inc. v. Konency*, 290 S.W.3d 238, 243 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

If the employer is a subscriber, the TWCA allows employees to recover workers' compensation benefits for injuries in the course and scope of employment without proving fault by the employer and without regard to their negligence or that of their coworkers. *Port Elevator-Brownsville, L.L.C.*, 358 S.W.3d at 241. In exchange, the TWCA prohibits an employee from seeking common-law remedies from his employer for personal injuries sustained in the course and scope of his employment. *Hughes Wood Prods.*, 18 S.W.3d at 207 (quoting *Darensburg*, 887 S.W.2d at 86). "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a).

The exclusive remedy provision is an affirmative defense. *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston (1st Dist.) 2011, no pet.). To show that a common-law claim is barred by the Act, the defendant must show that the injured worker was (1) its employee at the time of the work-related injury, and (2) covered by workers' compensation insurance. *Id*; *Phillips v. Am. Elastomer Prods., L.L.C.*, 316 S.W.3d 181, 187 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Once these requirements are satisfied, the exclusive remedy provision is triggered and all employee claims of work-related negligence and gross negligence are barred. *Warnke*, 358 S.W.3d at 343.

5

Relying on the Texas Supreme Court's opinion in *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473 (Tex. 2005), Price asserts that UCC's failure to produce a copy of its workers' compensation policy serves as a ground for reversing the summary judgment. In *Garza*, Interim Services Pacific LLC, a temporary employment agency, employed Garza as a laborer and assigned him to perform general labor at Exel Logistics, Inc., one of Interim's clients. *Id.* at 474. Garza sued Interim and Exel after sustaining an injury on the job, and Exel moved for summary judgment based on the exclusive remedy provision of the TWCA. *Id.* In response, Garza argued that there was insufficient proof that Exel was covered by workers' compensation insurance. *Id.* The court of appeals affirmed the trial court's summary judgment in favor of Exel. *Id.*[5]

The *Garza* court noted that Exel had not come forward with a workers' compensation policy that it had obtained for itself. *Id.* at 477–78. Instead, Excel contended that, under its contract with Interim, because the "markup" it paid to Interim was to be used to purchase workers' compensation insurance and that Interim had, in fact, purchased insurance, Exel was covered. *Id.* at 478. The *Garza* court held that the TWCA does not permit a temporary agency to obtain coverage for a client simply by obtaining coverage for itself; instead, there must be explicit coverage for the client. *Id.* In *Garza*, there was no evidence that an insurance company had contracted to secure Exel's liability and obligations, as distinguished from Interim's. *Id.* Moreover, nothing in the contract between Interim and Exel indicated that Interim was required to obtain a workers' compensation policy that named both parties as insureds, or that Interim was required to obtain a separate policy for Exel. *Id.* at 480. In any event, even if Interim had been contractually obligated to obtain workers' compensation insurance that named Exel as an insured, or it gratuitously chose to do so, no such policy had been identified or made part of the record. *Id.* at 481.

---

[5] Garza also argued that Exel was not his employer, but the Texas Supreme Court rejected that argument. 161 S.W.3d at 475–77.

*Garza* is easily distinguished from this case because Exel did not show that it had workers' compensation insurance covering the injured employee. In support of its motion for summary judgment, UCC submitted a copy of the certificate of insurance reflecting that workers' compensation insurance was available for UCC employees on August 4, 2008. This is sufficient to establish that UCC had workers' compensation insurance on the date of Price's injury. *See Warnke*, 358 S.W.3d at 344 (holding that Nabors satisfied its burden to demonstrate subscriber status and triggered the exclusive remedy provision of the Act by providing an affidavit from the carrier stating that the carrier provided workers' compensation insurance to Nabors at the time of the accident); *Martinez v. H.B. Zachry Co.*, 976 S.W.2d 746, 748 (Tex. App.—Houston (1st Dist. 1998, pet. denied) (holding that affidavit of Zachry's claims manager swearing that the document attached to the affidavit was true and correct copy of information page of workers' compensation policy covering the injured employee at the time of the accident was sufficient to carry Zachry's burden to establish that it was a subscriber).

The burden shifted to Price to present evidence creating a fact issue on whether UCC was a subscriber. *See id.* Price attempted to create a fact issue by submitting his own affidavit stating that he never received a check for loss in income issued by any insurance company; all such checks Price received were issued by AGL; Price received no documents reflecting any involvement by a workers' compensation company after the accident; and Price had not been contacted by anyone connected to any insurance company. But this evidence does not raise a genuine issue as to whether UCC had workers' compensation insurance covering Price on August 4, 2008. In addition, to the extent that Price is claiming that he received no notice of coverage, Texas courts have held that the exclusive remedy bar does not hinge on whether notice has been provided to the employee.[6] *See, e.g., Garcia v. AZZ, Inc.*, No. 01-11-00668-CV, 2012 WL 584215, at *3 (Tex. App.—Houston [1st Dist.] Feb. 23, 2012, pet. denied) (mem. op.) (holding the

---

[6] *See* TEX. LAB. CODE ANN. § 406.005(a) (West 2006) (requiring employers to notify "each employee . . . whether or not the employer has workers' compensation insurance coverage").

7

plaintiff's averments that he was told to "keep working" when he asked about seeing a doctor for his injuries, he was not "provided access to a doctor," and he was not told how to "gain access to a doctor" were complaints that the defendant failed to provide him with information about workers' compensation coverage and benefits, and his claims were barred by exclusive remedy despite lack of such notice); *Wesby v. Act Pipe & Supply, Inc.*, 199 S.W.3d 614, 618 (Tex. App.—Dallas 2006, no pet.) ("failure to provide notice will not bar workers' compensation coverage or application of the exclusive remedy provision").

Price further contends that it should not be assumed that UCC would pay premiums for an additional workers' compensation policy to cover temporary employees. Price asserts that, in determining the amount of the premium to be paid by UCC, a workers' compensation insurance company would want to know how many employees would be covered by the policy. The Texas Supreme Court has rejected similar arguments.

In *Port Elevator-Brownsville*, the Texas Supreme Court observed it had "long held that the Labor Code and the rule against split work forces require employers to elect workers' compensation coverage for all employees." 358 S.W.3d at 239. Casados worked for Staff Force, a temporary staffing agency, which provided Casados to perform general labor for Port Elevator. *Id.* at 240. Casados suffered a fatal, work-related injury. *Id.* Staff Force and Port Elevator both carried workers' compensation insurance. *Id.* Port Elevator's carrier, Texas Mutual, claimed that Casados was a Staff Force employee and not a Port Elevator employee and denied workers' compensation coverage. *Id.* Port Elevator raised the affirmative defense that workers' compensation was the plaintiffs' exclusive remedy. *Id.* The plaintiffs, in response to Port Elevator's motion for summary judgment, argued that the policy did not cover Casados because Port Elevator did not pay premiums for temporary employees. *Id.*

8

The Texas Supreme Court reaffirmed its holding that "the employer may not split its work force by electing coverage for some employees, but not coverage for all." *Id.* at 241 (citing *Tex. Workers' Comp. Ins. Fund v. DEL Indus., Inc.*, 35 S.W.3d 591, 596 (Tex. 2000)). The court rejected the plaintiffs' argument that Port Elevator intended to and did exclude Casados from coverage because Port Elevator did not pay premiums for temporary workers. *Id.* at 243. The court explained that premiums are an issue between the employer and the insurer; they do not affect the employee's coverage. *Id.* Therefore, even if Port Elevator's policy had set out certain premiums solely for temporary workers and it had not paid those premiums, Casados would still have been covered under the policy, and the failure to pay premiums would be an issue between Port Elevator and Texas Mutual. *Id.* at 244. Moreover, a clear and unambiguous attempt to exclude Casados from coverage would violate the rule against splitting work forces. *Id.*

We conclude UCC conclusively established that it had workers' compensation insurance covering Price on the date of the accident, and overrule his sole issue on appeal.[7]

Having overruled Price's sole issue on appeal, we affirm the trial court's judgment.

/s/    Sharon McCally
Justice

Panel consists of Justices Frost, McCally, and Mirabal.[8]

---

[7] Price contends that the summary judgment should be reversed so that "UCC can be required to produce the alleged policy . . . , so that the policy can be examined to determine whether it explicitly provided workers' compensation insurance covering Price at the time of the accident in question." Because we hold that attaching the certificate of insurance is sufficient to establish that UCC had worker's compensation insurance covering Price on the date of the accident, it was not necessary for UCC to submit the entire policy in support of its motion for summary judgment.

[8] Senior Justice Margaret Garner Mirabal sitting by assignment.